Environmental Court of Vermont
State of Vermont

====================================================================
ENTRY REGARDING RECORDING OF PROCEEDINGS
====================================================================

JLD Properties-Wal-Mart Strmwtr Disch Permit      Docket No. 129-5-06 Vtec
Project:     Wal-Mart St. Albans                   Docket No. 242-10-06 Vtec
Applicant:   JLD Properties                        Docket No. 92-5-07 Vtec
                                                   Docket No. 221-10-07 Vtec
                                                   Docket No. 80-4-08 Vtec
                                                   Docket No. 116-6-08 Vtec

Title:  Video Recording of Proceedings, No. 14
Filed:      June 10, 2009

___ Granted              ___ Denied              _X_ Other

It has come to the Court's attention that Daniel J. Lyons, the Producer of Republic Films, wishes to film certain proceedings related to these consolidated appeals.  Mr. Lyons recently sent the following request to the Court:

> I am writing to request permission to film the proceedings related to JLD Properties-WalMart Strmwtr Disch Permit.  I am requesting access to the site visit in St. Albans on June 16th, as well as access to the Franklin Superior Courtroom on June the 17th.  The film will be incorporated into a 60 minute independent documentary entitled "From Away," set to air on Vermont Public Television in the fall of 2010.  I have already filmed with representatives from both sides of the debate and would like to continue my coverage of the case on June 16th and 17th.

Letter from Daniel J. Lyons to Vermont Environmental Court (June 8, 2009).

Rule 79.2 of the Vermont Rules of Civil Procedure (made applicable to these proceedings under Rule 5(a)(2) of the Vermont Rules of Environmental Court Proceedings) governs how we may respond to Mr. Lyons's request.  The Rule generally authorizes the recording of all of the public proceedings in these matters, including the site visit.  That said, any party to this appeal is entitled to file a motion to exclude recording under Rule 79.2(b), which notes that anyone seeking to prevent recording "shall have the burden of proving, by a preponderance of the evidence, that the court should prohibit, terminate, limit or postpone the recording."

We will afford all parties to these consolidated appeals an opportunity to file a request to limit Mr. Lyons's planned video recording.  Since trial is now scheduled to begin in one week, we must make this filing period brief.  Therefore, we direct that if anyone wishes to file such a motion, they must do so by 4:00 p.m. on Friday, June 12.  To fax such a motion, please call the Court at (802)828-1660 to request permission to do so.

Unless a motion to exclude is filed and granted, Mr. Lyons is free to record these proceedings.  In doing so, we note that Mr. Lyons is required to respect the importance of these proceedings and the rights of the individual parties to an uninterrupted merits hearing.  Vermont Rule of Civil Procedure 79.2 establishes guidelines for video and other recording of court proceedings.

In particular, we direct Mr. Lyons to the following provisions of Rule 79.2:

(c) **Matters Excluded.**  There shall be no audio recording of bench conferences and other conferences between members of the court, between co-counsel or between counsel and client.  No recording equipment permitted under these rules shall be operated in the courtroom during a recess, unless permitted by the presiding judge.  Unless permitted by the presiding judge, there shall be no recording of bench conferences or proceedings in chambers.

\*\*\*

(e) **Equipment and Personnel.**

(1) Not more than one portable television camera—film camera, 16 mm sound on film (self-blimped) or videotape electronic camera—operated by not more than one camera person, shall be permitted in any court proceeding.  Each television camera and operator shall be positioned only in such location in the courtroom as shall be designated by the presiding judge.  To the extent possible, that location shall provide access to optimum coverage.  Videotape recording equipment and other equipment which are not component parts of a television camera shall be located outside the courtroom.

(2) Not more than one still photographer, utilizing not more than two still cameras with not more than two lenses for each camera and related equipment for print purposes shall be permitted in any proceeding.  Such cameras shall produce no greater sound than a 35 mm Leica "M" Series rangefinder camera.  The photographer shall be positioned only in such location in the courtroom as shall be designated by the presiding judge.  To the extent possible, that location shall provide access to optimum coverage.

(3) Not more than one audio system for televising, broadcasting and recording purposes shall be permitted in any proceeding.  Audio pickup for all media purposes shall be accomplished from existing audio systems present in the court facility, where practicable.  If there is no technically suitable audio system, microphones and related wiring essential for media purposes shall be unobtrusive and shall be located in places designated in advance by the presiding judge.

(4) Any "pooling" arrangements among the media required by these limitations on equipment and personnel shall be the sole responsibility of the media without calling upon the court to mediate any dispute as to the appropriate person or equipment authorized to cover a particular proceeding.  In those proceedings in which "pooling" includes persons who are not members of the media, the court may upon request issue orders as to the appropriate representative or equipment.

(5) Only equipment which does not produce distracting sound or light shall be employed.  No artificial lighting device of any kind shall be employed.

(6) Equipment operators shall not move from the area assigned to them and shall not move about so as to call attention to themselves.  Equipment shall not be placed in or removed from the court facility except prior to commencement or after adjournment of proceedings each day, or during a recess.  Neither television film

magazines nor still camera film or lenses shall be changed within the courtroom except during a recess in the proceeding.

Finally, we remind all parties (and Mr. Lyons, barring a successful motion to exclude) that we will be meeting on June 16, 2009, at <u>2:45 p.m. at the Franklin Superior Court</u> to proceed by bus to the site visit.  The Court is on a tight schedule that afternoon and appreciates everyone arriving on time. Thank you.


_____          __<u>June 10, 2009</u>_____
        Thomas S. Durkin, Judge                          Date

========================================================================
Date copies sent to:  _____          Clerk's Initials _____

Copies sent to:
    Attorney Jon Groveman for Appellant Vt. Natural Resources Council
    Attorney Judith L. Dillon for the Agency of Natural Resources
    Attorney David A. Barra for Interested Person Town of St. Albans
    Attorney Stewart H. McConaughy for Appellee JLD Properties
        (with Co-Counsel Robert F. O'Neill)
    Attorney Mark L. Lucas for Interested Person Natural Resources Board
    Attorney John H. Hasen for the Natural Resources Board/LU Panel (FYI only)
    Attorney Brian S. Dunkiel for City of St. Albans (FYI only)
    Attorney William H. Rice for Vt. Agency of Transportation (FYI only)
    Attorney Jon T. Anderson for Interested Person R.L. Vallee, Inc.
        (with Co-Counsel David W. Rugh)
    Attorney Gerald R. Tarrant Esq. (FYI only)
    Producer Daniel J. Lyons (FYI only)
    Court Clerk, Franklin Superior Court (FYI only)